# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHANE DUVALL BRADFORD

          Petitioner,                              Civil Case No. 05-CV-73732
                                                                  Criminal Case No. 04-CR-80367

v.                                                                           HON. DENISE PAGE HOOD

UNITED STATES OF AMERICA,

          Respondent.
_____/

## ORDER RE: MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

      Petitioner Shane Duvall Bradford, pursuant to his Fed. R. Crim P. 11(c)(1)(C) plea agreement with the Government pled guilty to a four count Superseding Indictment of (1) a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); (2) possession with the intent to distribute 9.35 grams of cocaine base in violation of 21 U.S.C. § 841(a); (3) possession with intent to distribute 73.28 grams of powder cocaine in violation of 21 U.S.C. § 841(a); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pursuant to this agreement, the Court sentenced petitioner to 120 months incarceration. Pursuant to the plea agreement, Petitioner waived all rights to appeal.

      Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence. Such challenges must involve (1) whether the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court's lack of jurisdiction to impose the sentence, or (3) the sentence was in excess of the maximum authorized by law, or (4) some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). "To

warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had the substantial injurious effect or influence of the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner challenges only the propriety of Count 4, possession of a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c). Specifically, Petitioner alleges that he is actually innocent of the § 924(c) offense because he was misinformed as to true elements of the alleged crime. As a result of this misinformation, Petitioner further alleges that the plea entered into is invalid because he did not enter into the agreement voluntarily and knowingly. Petitioner also claims ineffective assistance of counsel, resulting in an invalid plea agreement. Petitioner finally asserts a due process violation based on the Fifth and Sixth Amendments, which resulted in his sentence being enhanced beyond the statutory maximum.

The Court has reviewed Petitioner's motion and the Government's Response and finds that Petitioner's arguments are without merit. First, Petitioner asserts that he is actually innocent of the § 924(c) charge because he was misinformed of the elements of the charge. The Government correctly notes, however, that the Petitioner has made a knowing, voluntary, and intelligent waiver. *Brady v. United States*, 397 U.S. 742 (1970). (U.S. Resp. at 3.) Based on Petitioner's own statements at the plea hearing, this court finds that Petitioner understood the nature of the charges against him, his rights as an accused person, and the consequences of waiving such rights. *United States v. Webb*, 403 F.3d. 373, 378-79 (6th Cir. 2005). (Plea Hr'g. Trans. Dated September 9, 2004.) When the Court asked Petitioner what he did to be guilty of the specific offense, Petitioner replied, "I had a gun and some drugs." *Id.*, at 9. Further, Petitioner stated he read and understood the provisions of the Superseding Indictment. *Id*., at 5. Petitioner also acknowledged that both he and

2

his attorney signed the document. *Id*. Petitioner may not now assert that he was not aware of the specific elements of the offense. For the same reason, Petitioner may not challenge the validity of the plea or the sentence imposed.

Petitioner also alleges ineffective assistance of counsel. In order for Petitioner to demonstrate ineffective assistance of counsel, his counsel's performance must have (1) been outside the range of competence demanded of attorneys in the criminal context; and (2) unreasonably prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) *See Hill v. Lockhart*, 474 U.S. 52, 61 (1985). In *Strickland*, the Supreme Court noted that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." *Strickland*, 466 U.S. at 689. In the current case, Petitioner has alleged that his counsel failed to research cases such as "BAILEY, BOUSLEY, and JONES." Due to this failure, Petitioner alleges, he was wrongly convicted of the § 924(c) charge. (Pet. Mot. ¶¶ 17-18). Petitioner essentially now attempts to second-guess his counsel's assistance. At the plea hearing, Petitioner stated that he was pleased with his representation. (Plea Hr'g Trans. at 7). Petitioner also stated that his attorney had gone over the plea agreement with him and that he understood the elements of the agreement. *Id.*, at 7-11. There is nothing in the record before the Court suggesting counsel's performance was outside the context of that demanded of attorneys in the criminal context; nor is there evidence that counsel prejudiced Petitioner in any way. Petitioner, through the efforts of his counsel, received a lesser sentence of 120 months instead of the 138 months this court had the discretion to impose. Petitioner has freely, intelligently, and voluntarily admitted his guilt in this case.

Finally, Petitioner alleges his due process rights have been violated under the Fifth and Sixth

Amendments because the Court enhanced his sentence beyond the statutory maximum. In support, Petitioner relies on *United States v. Booker*, 125 S. Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004). However, the 6th Circuit's interpretation of *Booker* in *Humphress v. United States*, 398 F.3d. 855, 863 (6th Cir. 2005) rejects the assertion that *Booker* applies retroactively to cases on post-conviction review. In *Booker*, the court announced that the decision in that case would apply to cases on direct review. *Booker* 125 S. Ct. at 769. As a result, the 6th Circuit interprets the *Booker* rule as not applying retroactively in collateral proceedings. *Humphress*, 398 F.3d. at 860. Also, as noted above, the Court had the discretion to sentence petitioner to 138 months in prison as opposed to the 120 month *minimum* sentence petitioner received. Any argument that the Court has gone beyond the statutory maximum is moot. Since Petitioner knowingly, voluntarily, and intelligently waived his right to appeal the decision, this case qualifies as a post-conviction collateral attack. The 6th Circuit's reading of *Booker* forecloses such an attack.

Accordingly,

IT IS ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 05-CV-73732, Docket No. 1, filed September 29, 2005 and Case No. 04-CR-80367, Docket No. 22, filed September 29, 2005]** is DENIED.

IT IS FURTHER ORDERED that Civil Case No. 05-CV-73732 is DISMISSED WITH PREJUDICE.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

Dated: June 30, 2006