**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F I L E D
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,                        Criminal Case No. 04-80367

v.                                 HON. DENISE PAGE HOOD

SHANE DUVALL BRADFORD (D-1),

      Defendant.

_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582

This matter is before the Court on Defendant Shane Duvall Bradford's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On September 19, 2006, Bradford entered a plea of guilty to all four counts of the First Superseding Indictment: Felon in Possession of a Firearm, 18 U.S.C. § 922(g) (Count One); 2) Possession with Intent to Distribute Cocaine Base, 21 21 U.S.C. § 841(a)(1) (Count Two); 3) Possession with Intent to Distribute Cocaine, 21 21 U.S.C. § 841(a)(1) (Count Three); and Possession of a Firearm in Furtherance of Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Four).

On March 10, 2005, the Court imposed a sentence of imprisonment of 60 months on Counts One, Two and Three, to run concurrently; 60 months on Count Four to run consecutively to the sentence imposed on Counts One, Two and Three;

followed by four years of supervised release on each count to run concurrently. (Judgment, Doc. No. 20) Bradford thereafter filed a Motion to Vacate Sentence which the Court denied in an order dated June 20, 2005. (Doc. No. 28) This matter is now before the Court on Bradford's Motion for Retroactive Appication of the Sentencing Guidlines to Crack Cocaine Offenses.

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines. *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made the amendment retroactive. *Id.*, Amdt. 713 (effective Mar. 3, 2008). When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction because Amendment 706 does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for

reduction where the original sentence was based on the career-offender guidelines and not the crack cocaine guidelines. *Id.* at 422-23.

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that teh FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) *(en banc), cert denied,* 134 S.Ct. 1779 (2014).

Bradford was sentenced to the manadatory consecutive minimum sentence of 60 months on Count Four. Bradford is not entitled to retroactive application of the Guideline range for crack cocaine since his sentence in Count Four was based on a statutory mandatory minimum. In addition, based on *Blewett,* Bradford is not eligible for a retroactive application of the crack cocaine guidelines under the FSA since his sentence in 2005 was imposed before the FSA went into effect in 2010. *Blewett,* 746 F.3d at 650.

Accordingly,

IT IS ORDERED that Defendant Shane Duvall Bradford's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(No. 40)** is DENIED.


_____
DENISE PAGE HOOD
United States District Judge

Dated:     JUL 1 7 2014

4